**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE PLAINTIFFS' MOTION TO REMAND [17]

### I.     INTRODUCTION

Pending before the Court is Plaintiff Tyron Young's ("Plaintiff") Motion to Remand.  (*See* Dkt. No. 17 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II.     BACKGROUND

#### A.     Factual Background

In his Complaint, Plaintiff alleges discriminatory practices, procedures and eligibility requirements against African-Americans and students with learning disabilities. (*See* Dkt. No. 17-4 (hereinafter, "First Amended Complaint" or "FAC").) Plaintiff was a post-graduate Ph.D. student at Defendant University of Southern California ("USC") from the fall of 2015 until his resignation in May of 2016.  (*See Id.*) Plaintiff alleges that he was forced to involuntarily resign from the doctoral program in Urban Education Policy at USC's Rossier School of Education ("Rossier") due to his learning disability and/or racial discrimination.  (*Id.* ¶ 3.)  Plaintiff further claims that he was illegally terminated from his employment as a Research Assistant in the doctoral program at USC.  (*Id.* ¶ 29.)

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

Plaintiff asserts his claims arise out of the following alleged events: in January of 2016, Plaintiff's faculty advisor, Defendant Gale Sinatra ("Sinatra"), expressed concern to Plaintiff that he may have a learning disability due to his difficulties with attention, organization, and reading and writing skills. (*Id.* ¶ 18.) Sinatra recommended that Plaintiff undergo psychological evaluation for a learning disorder. (*Id.* ¶ 19.) Following testing, Plaintiff was diagnosed as having a learning disability with impairment in reading, visual scanning, cognitive processing and Attention Deficit Hyperactivity Disorder ("ADHD"), which limits his learning activity without reasonable accommodations. (*Id.* ¶ 21.) Plaintiff provided Defendant Sinatra and Defendant Laura Romero, Director of the Ph.D. program at USC, with medical verification of his disability, along with medical recommendations for accommodations. (*Id.* ¶ 22.) Plaintiff then submitted a request for accommodations in writing to USC's Disability Services Office. (*Id.* ¶ 23.)

In April of 2016, Sinatra suggested to Plaintiff that he withdraw from the doctoral program because his learning disabilities were impacting his performance. (*Id.* ¶ 25.) Sinatra advised Plaintiff that the program would become increasingly more difficult, and that he may have trouble completing the upcoming work even with accommodations. (*Id.*) Plaintiff decided to remain in the doctoral program and took his final exams scheduled for May of 2016. (*Id.* ¶ 27.) On or about May 16, 2016, Defendants Sinatra and Romero (collectively, "Faculty Defendants") met with Plaintiff to discuss his spring semester grades and once again advised Plaintiff to resign from the doctoral program. (*Id.* ¶ 28.) Faculty Defendants informed Plaintiff that he would likely be dismissed from the program when the first-year screening committee meets to assess academic performance and readiness to continue in the program on May 26, 2016. (*Id.*) Faculty Defendants further advised Plaintiff that it would be better to resign than face likely dismissal which may have adverse personal and professional career consequences. (*Id.*)

On May 18, 2016, Plaintiff still had resigned from the doctoral program. (*Id.* ¶ 29.) That same day, Sinatra informed Plaintiff that he was fired as a Rossier Research Assistant and reassigned to a temporary position through the end of June, 2016, performing the same research assistant job without accommodations. (*Id.*) On May 24, 2016, Plaintiff still had not withdrawn from the doctoral program. (*Id.* ¶ 30.) That same evening, both Sinatra and Romero contacted Plaintiff suggesting that he withdraw from

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

the program. (*Id.*) Sinatra then contacted Plaintiff again that night, advising him once again to withdraw from the program. (*Id.*)

On May 25, 2016, Romero spoke to Plaintiff and again advised him to submit his resignation letter immediately as the first-year academic committee meets the next day. (*Id.* ¶ 31.) Plaintiff then drafted his resignation letter, citing his learning disabilities for his decision to resign, and returned it to Romero. (*Id.* ¶ 32.) After emailing other faculty members to inform them of his decision to resign, Sinatra called and texted Plaintiff to inform him that she would not allow him to explain his reasons for leaving in his official resignation letter. (*Id.* ¶ 34.) Sinatra further informed Plaintiff that he would face dismissal the following day when the first-year academic committee meets unless he immediately resigned without reference to his disability. (*Id.*) Sinatra then sent emails to the USC faculty advising them to delete Plaintiff's resignation letter due to an error in the letter which Plaintiff would be fixing. (*Id.* ¶ 35.)

That same evening Plaintiff received a call from a mutual acquaintance of his and Sinatra's in Pennsylvania who advised him to resign without reference to his disability. (*Id.* ¶ 36.) The mutual acquaintance had been Plaintiff's prior faculty advisor at Temple University. (*Id.*) The acquaintance told Plaintiff that Sinatra had called him upset, and that according to Sinatra, USC would dismiss Plaintiff from the doctoral program the next day unless he withdraws without reference to his disability. (*Id.*) The next day, Plaintiff revised his resignation letter to omit reference to his disability and submitted it to Faculty Defendants. (*Id.* ¶ 38.) Sinatra accepted the resignation letter and did not proceed with the screening committee scheduled for that same morning. (*Id.* ¶ 39.) Sinatra then told Plaintiff that she could possibly lose her job if people found out he left USC due to his learning disabilities. (*Id.* ¶ 40.) Sinatra further advised Plaintiff that no one needs to know the real reason why he resigned from the doctoral program. (*Id.*) Based on these alleged events, Plaintiff filed suit against Defendants for a number of claims, including violations of the California Fair Employment and Housing Act, wrongful termination, and discriminatory employment practices. (*See* FAC.)

### B. Procedural History

On December 29, 2016, Plaintiff initiated this Action by filing a complaint against Defendants in the Superior Court of California, County of Los Angeles ("Los Angeles

| | LINK: |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

Superior Court"). (*See* Dkt. No. 7-1, Ex. A.) Plaintiff filed an amended complaint, the operative complaint, in the Los Angeles Superior Court on March 9, 2017. (Dkt. No. 7-3.) Defendants removed the action to this Court on July 06, 2017, invoking this Court's diversity jurisdiction. (Dkt. No. 1.) On August 08, 2017, Plaintiff filed the instant motion, (*See* Mot.) On August 25, 2017, Defendants opposed the Motion. (*See* Dkt. No. 24 (hereinafter, "Opp'n").) Plaintiff did not file a reply.

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess jurisdiction only as authorized by the Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally. This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds that it lacks jurisdiction at any time, the court must remand the action. *See* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

//

//

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

## IV. DISCUSSION

Plaintiff contends that removal was improper in this case because the Parties are not diverse. (*See* Mot.) The Court agrees for the reasons discussed below.

### A. Whether There is Complete Diversity Between Plaintiff and Defendants

For diversity jurisdiction purposes, an individual's citizenship is determined by where the individual is domiciled. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual's domicile is his or her permanent home, meaning where the individual resides with the intention to remain or to where he or she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.* (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). "[O]ne domicile is not lost until another is acquired." *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952). Moreover, "[a] change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Lew*, 797 F.2d at 750 (citing *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940).)

"[T]he party asserting diversity jurisdiction bears the burden of proof…" and "…should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000).) The Ninth Circuit has held "that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750 (citing 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3613, at 529-31 (1984 & Supp. 1986)). Finally, "domicile is evaluated in terms of objective facts and…statements of intent are entitled to little weight when in conflict with facts." *Id.* (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985) (internal quotation marks omitted)).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04214-BRO (RAOx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL. | | |

### 1. Plaintiff's Citizenship

Defendants argue that Plaintiff is not a citizen of California. (Opp'n at 4.) They further contend that the objective facts indicate, at the time of filing, Plaintiff resided in New York and worked in New Jersey. (*Id.* at 1.) However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. In response to Defendants' discovery requests, Plaintiff stated his intent to remain in California. (*See* Dkt. No. 17-5.) In response to Defendants' Special Interrogatories, Plaintiff states that at the time of filing Plaintiff maintained his home in California, maintained a California driver's license, and was registered to vote in California. (*Id.* at 2-3.) Moreover, Plaintiff stored his furniture in a California storage facility prior to moving to New York. (*Id.* at 5.) Although Plaintiff accepted employment in New Jersey, his employment was only temporary at a year's length. (*Id.*) In addition, Plaintiff did not commit to a lease or rental agreement in New York, but rather rented a room from a friend. (*Id.*) Finally, Plaintiff maintains his volunteer position on the Board of Directors for Thrival World Academics, located in California. (*Id.*)

"[C]ourts have created a presumption in favor of an established domicile as against a newly acquired one." *Lew*, 797 F.2d at 751. In this case, the objective facts weigh heavily in favor of the presumption that Plaintiff is domiciled in California because Defendants have failed to produce adequate evidence to show that Plaintiff intends to remain in any state other than California. *See id.* at 752. Defendants' allegations that Plaintiff listed a New Jersey employer and home address on his 2016 IRS W-4 Form and uses Maryland as his location on his LinkedIn profile are not sufficient to overcome a presumption in favor of Plaintiff's established California domicile. (Opp'n at 4.) Furthermore, Defendants have failed to offer any evidence indicating Plaintiff has established a fixed residence in New Jersey or that Plaintiff intends to remain in New Jersey permanently. (*See* Opp'n.) Defendants' evidence supports a finding only that Plaintiff currently resides in New Jersey. (*See Id.*) Therefore, Defendants have failed to affirmatively allege Plaintiff's citizenship and have not met their burden of proof. As such, the Court finds that Defendants failed to sufficiently plead complete diversity as required by § 1332.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04214-BRO (RAOx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL. | | |

### 2. Individual Defendants' Citizenship

As of the date of filing of this lawsuit, Defendants Romero and Sinatra lived in Los Angeles County, worked at USC in Los Angeles, and intended to remain in California indefinitely. (Opp'n at 5.) As such, Defendants Romero and Sinatra are citizens of California for purposes of this lawsuit.

### 3. Defendant USC's Citizenship

A corporation's citizenship is governed by 28 U.S.C. § 1332(c)(1), which provides "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). "A corporation's principal place of business refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Lal v. EVA Airways Corp.*, No. 15-00939, 2015 U.S. Dist. WL 12827754, at *1 (C.D. Cal. May 29, 2015) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)) (internal quotation marks omitted).

Here, Defendant USC is both incorporated and has its principal place of business in California. (Removal at 5.) Therefore, USC is a citizen of California for purposes of diversity jurisdiction.

Based on the foregoing, the Court finds that the evidence indicates that all Parties are citizens of California. This Court therefore cannot exercise federal diversity jurisdiction over this Action.

### B. Defendants' Request for Additional Discovery

In their Opposition to Plaintiff's Motion, Defendants requested additional jurisdictional discovery as an alternative to remand. (Opp'n at 5.) "The district court has wide discretion in controlling discovery." *Little v. City of* Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The Ninth Circuit has held that "[d]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation marks omitted) (quoting *Data Disc. Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04214-BRO (RAOx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL.** | | |

1280, 1285 n.1 (9th Cir. 1977).) However, "[j]urisdictional discovery need not be allowed…if the request amounts merely to a "fishing expedition"." *Houston v. Bank of America*, N.A., No. CV 14-02786-MMM (AJWx), 2014 U.S. Dist. 2014 WL 2958216, at *5 (C.D. Cal. June 25, 2014) (quoting *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643, *7 (E.D. Cal. May 10, 2012); *see also Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding that district court abused its discretion in denying discovery where plaintiff showed a "reasonable probability that the outcome of the factual motion to dismiss would be different") (internal quotation marks omitted). Alternatively, a plaintiff seeking to "obtain discovery on jurisdictional facts…must at least make a colorable showing" that jurisdiction exists. *Mitan v. Feeny*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007) (internal quotation marks omitted).

In this case, there is nothing to indicate that facts supporting jurisdiction are not ascertainable by Defendants. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-10 (3rd Cir. 2015) (allowing jurisdictional discovery where facts supporting jurisdiction were not a matter of public record); *see also Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff"). In fact, Plaintiff has already provided Defendants with responses to interrogatories specifically relating to citizenship. (*See* Dkt. No. 17-5.) Furthermore, Defendants have not introduced any evidence that any of the other factors a court can consider in determining a party's domicile—such as voter registration, driver's license, location of bank accounts, or vehicle registration—suggest Plaintiff is a citizen of any other state. *See Lew*, 797 F.2d at 750. Finally, Defendants have not indicated what additional information they could glean from discovery that would reveal Plaintiff is a citizen of any other state. *See AM Trust v. UBS AG*, 681 F. App'x 587, 589 (9th Cir. 2017) (holding the district court did not abuse its discretion in denying plaintiff's request for jurisdictional discovery where plaintiff failed to provide the court "with any reason to suppose that jurisdictional discovery would reveal facts that would demonstrate [defendant] is subject to…jurisdiction in California"); *see also GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) (holding that jurisdictional discovery is justified where a party can demonstrate "that it can supplement its jurisdictional allegations through discovery"). The Court therefore **DENIES** Defendant's request for additional discovery.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04214-BRO (RAOx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | TYRON YOUNG V. UNIVERSITY OF SOUTHERN CALIFORNIA, ET AL. | | |

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants did not properly remove this matter pursuant to 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand. The hearing set for September 18, 2017, is hereby **VACATED** and this action is remanded to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.** :

Initials of Preparer     rf